UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 6:17-CR-63-GFVT-HAI |
| v. | ) ) | |
| ROY PERRY, | ) ) | RECOMMENDED DISPOSITION |
| Defendant. | ) ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

On April 4, 2018, the Court conducted a competency hearing in this matter, per 18 U.S.C. § 4241 and 4247(d).[1]  D.E. 32.  The hearing followed a motion for a competency evaluation filed by Defendant's attorney on January 10, 2018.  D.E. 22.  The Court granted the motion, ordered an evaluation in a custodial setting, and Defendant was remanded to the custody of the United States Marshal.  D.E. 24.  The Court, upon the required findings, ordered the psychiatric or psychological examination pursuant to 18 U.S.C. §§ 4241(b).  D.E. 26.

The Court ordered the examination to be performed at the Federal Medical Center in Lexington, Kentucky.  D.E. 26.  All parties had access to the Psychiatric Report ("the Report") issued by Dr. Allyson N. Wood, Psy.D.  D.E. 30.  In the Report, Dr. Wood opined that Defendant is competent for trial purposes.  *Id*. at 9.  After receipt of the Report, the Court set a hearing (D.E. 29, 31), and the parties appeared with counsel (D.E. 32).  During that hearing, the parties stipulated to the admissibility of the Report, as well as to the Report's findings.  The

---

[1] A finding that Defendant is unable to proceed to trial due to mental incompetency could be dispositive of his case. Thus, the Court proceeds pursuant to 28 U.S.C. § 636(b)(1)(B)-(C).

parties also waived introduction of other proof and argument in opposition, and waived the right to examine or cross-examine the evaluator. *Id*.

Section 4241 codifies the competency principles of *Dusky v. United States*, 362 U.S. 402 (1960). Thus, to be competent, a defendant must have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as a factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402; *see also* 18 U.S.C. § 4241(a) (phrasing the test as whether a defendant is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense"). Section 4247(d) of 18 U.S.C. governs the competency hearing, and assures certain trial-type rights. These include the right to confront and cross-examine witnesses, and the right to participate in the hearing. *See id.*; *see also* 18 U.S.C. § 4241(c) (referring to the hearing procedures outlined in section 4247(d)).

Ultimately, per section 4241(d) and based on the hearing, a defendant is not competent if, "after the hearing, the court finds by a preponderance of the evidence that the defendant" meets the incompetency definition of section 4241(a). This framework does not dictate which party bears the burden, which has led to disagreements among the Circuits. *See United States v. Carter*, No. 1:12-CR-29, 2013 WL 6668715, at *11 (E.D. Tenn. Dec. 18, 2013) (compiling cases).[2] Here, the proof is not in any way disputed, and the Court need not resolve the burden allocation question. *See Medina v. California*, 505 U.S. 427, 449 (1992) (indicating that

---

[2] The Supreme Court, in dicta, has stated that "Congress has directed that the accused in a federal prosecution must prove incompetence by a preponderance of the evidence." *Cooper v. Oklahoma*, 517 U.S. 348, 362 (1996) (citing 18 U.S.C. § 4241). However, the Sixth Circuit previously stated that "[t]he government must demonstrate by a preponderance of the evidence that defendant is competent to stand trial." *United States v. Chapple*, 47 F.3d 1170 (6th Cir. 1995) (table).

argument over burden, in competency context, only matters in "narrow class" of cases where the proof is "in equipoise").

Defendant stipulated as to both the admissibility and the substance of the Report. Accordingly, the only proof concerning Defendant's competency is the expert analysis of Dr. Wood. The Report reflects personal observation, a review of Defendant's available medical history and status, sufficient psychological testing, and a thorough assessment of Defendant's abilities in light of the applicable competency standards. The author analyzed Defendant's history, course of evaluation, and testing performance. Dr. Wood directly observed Defendant via interviews and subjected him to a battery of psychological testing. D.E. 30. Dr. Wood also made contact with the prosecutor and defense counsel. *Id*. at 2. The evaluator also secured and reviewed some legal documents and analyzed records of Defendant's outgoing phone calls and emails made while he was in Lexington. *Id*. at 2.

The Report is a thorough and comprehensive assessment of Defendant's mental and psychiatric condition. Notably:

(1) The Report indicates Defendant "reported a history of methamphetamine, Suboxone, and Xanax abuse," involving massive amounts of daily use. D.E. 30 at 3. While in the Laurel County Detention Center, Defendant suffered "delirium tremens . . . as a result of withdrawal from the aforementioned substances" and the jail staff prescribed Risperdal, an antipsychotic, "for stabilization purposes." *Id*.

(2) Defendant "left school in the sixth grade to devote more hours to work on the farm." *Id*. For the last thirty years, his primary income source has been Social Security benefits for his "learning disability." *Id*. at 4.

3

(3) Once in Lexington, Defendant "did not appear to exhibit any signs or symptoms of acute psychological distress, and he reported none. *Id*. He adjusted "adequately," and had no problem following rules. *Id*. He communicated coherently with his daughters through emails and telephone calls, discussing "financial and personal property affairs." *Id*. He told one daughter, "I'm stable now. I'm in my right mind and I'm off drugs. I didn't know where I was when I was strung out on drugs." *Id*.

(4) According to the examiner, Defendant "presented as calm and in good behavioral control" with "coherent, organized, and goal-directed" thought processes and verbalizations. *Id*. at 5. There was "no evidence of a mood disorder," although Defendant reported he had been bipolar. *Id*. at 7.

(5) Defendant was diagnosed with borderline-range intellectual functioning ("mild intellectual disability"), along with stimulant use disorder, opioid use disorder, and sedative, hypnotic, or anxiolytic-use disorder. *Id*. He is reported to be at "a high risk for relapse" into drug use. *Id*.

(6) Defendant explained that "his difficulties in communication and recalling information," as reported by his attorney, "were due to withdrawing from drugs." *Id*. at 8.

(7) Defendant exhibited few difficulties in understanding court proceedings. *Id*. at 8-9.

(8) The examiner opined that Defendant's "active substance abuse, and subsequent withdrawal symptoms, impacted his mental and physical state during the course of the communications with his attorney." Having concluded that Defendant's

4

cognitive difficulties were essentially withdrawal symptoms, the examiner recommended that he be found competent to stand trial. *Id.* at 9.

Dr. Wood accurately applied the *Dusky* standard as codified in section 4241(a) to determine that Defendant is competent. D.E. 30 at 9. Dr. Wood elicited from Defendant definitions of key terms and participants in a trial, as well as the elements and procedures related to a criminal trial. *Id.* at 8-9. As such, the Report supports a finding that both prongs of the *Dusky* competency test appear to be met in this case, and its conclusions are unrebutted.

Additionally, the Court sought the insight of counsel for the defendant, Hon. Lucas Joyner, who had initially requested the competency evaluation (*see* D.E. 22). Mr. Joyner stated that, after receiving the Report, he reviewed it in detail with Defendant. He said they had no evidence to contradict the Report's conclusions. In fact, Mr. Joyner's communications with Defendant had noticeably improved since before the evaluation. The Court also observed and interacted with Defendant at his competency hearing. Defendant was composed and respectful to the Court throughout the proceedings, and understood their nature.

For the foregoing reasons, the Court finds no evidence which tends to show that Defendant is not competent. That finding, of course, precludes any finding of incompetency by a preponderance of the evidence. The Court thus finds that, per 18 U.S.C. § 4241(a), Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in him own defense. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant is competent to face further proceedings, to include trial, in this matter.

The Court issues this Recommended Disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The parties should consult that statute and Federal Rule of Criminal Procedure 59(b) concerning

the right to appeal to the District Judge. At the final hearing, the parties had no objection to shortening the objections period to three days. Accordingly, any objection to this recommendation must be filed within three days of its entry. Failure to object per Rule 59(b) waives a party's right to review. Upon expiration of that three-day period, this matter will be referred to Judge Van Tatenhove for his consideration.

    This the 4th day of April, 2018.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge